CHARLES L. TIFFANY, RESPONDENT, v. HENRY A. BOWERMAN AND OTHERS, APPELLANTS.

*Supplemental complaint — what cannot be set up by.*

A supplemental complaint must be consistent with, and in aid of, the case made by the original complaint. A new and substantive cause of action cannot be set up, by way of supplemental complaint, as a ground of recovery, more especially a cause of action to which the plaintiff was not entitled when he commenced the action.

Appeal from an order made at Special Term, allowing the plaintiff to serve a supplemental complaint in this action.

*Edmund Coffin, Jr.,* for the appellants.

*Abel Crook* and *Therasson & Bryan,* for the respondent.

Talcott, J. :

This is an appeal from an order, authorizing the plaintiff to file a supplemental complaint. The alleged cause of action, upon which the suit was commenced, was in substance as follows : That the plaintiff is the owner of a country seat in the village of Irvington, on the Hudson river, comprising about forty acres of land. That adjoining the plaintiff's country seat is a parcel of land of about three acres, formerly belonging to the estate of one Dunham. That the defendant, Thomas H. Stout, is a real estate broker at Irvington, and that the plaintiff, about August 1st, 1871, employed Stout to purchase the three acres. That Stout accepted the employment, and agreed that he would do his best to effect a sale of the three acres to the plaintiff, and agreed that he would keep the plaintiff advised of his negotiations on the subject. And that the plaintiff informed Stout that he, the plaintiff, was willing to pay $10,000 for the three acres. And that the plaintiff confided in Stout to look after his interests in the matter, and did not attempt to make the purchase himself, or through some other agent, as he otherwise would have done. That instead of acting for the plaintiff, Stout negotiated and effected a sale of the three acres from the Dunham estate, to the defendants, the Bowermans, for the price of $9,000 ; and that the three acres has been conveyed to the Bowermans, by the parties representing the Dunham estate. That at the time of the purchase by, and conveyance to, the Bowermans, they had notice of all the previously alleged facts, and fraudulently combined and colluded with Stout to prevent the plaintiff from purchasing the three acres, and to get it into their own hands, to use or dispose of it to the prejudice of the plaintiff, or to threaten so to do ; and they have advertised the said three acres for sale, in small lots, and intend so to sell the same, by which, if carried out, the plaintiff claims he will be prejudiced and injured as the owner

of the country seat and forty acres. That the plaintiff has tendered to the Bowermans the sum of $10,000, and demanded that they should convey to him the three acres, but that they refuse so to do; and that he believes Stout is interested with the Bowermans in the purchase of the three acres, and entitled to a share of the profits which may be realized on a sale thereof. And he asks that the Bowermans shall be adjudged to have purchased and taken the conveyance of the three acres for the account and benefit of the plaintiff, and should, by the order of the court, be compelled to convey the same to the plaintiff, on receipt of the amount they paid, with interest and expenses. The defendants in their answers allege the title of the Bowermans, and generally deny the allegations of the complaint. The action was referred to a referee to hear, try and determine. A long trial was had, and the plaintiff rested his case. Thereupon, an argument was had on a motion by the defendants to dismiss the complaint. The referee took the matter into consideration, and has since notified the defendants' counsel that he had decided the case, and is ready to make a report dismissing the complaint, though he has not made any formal report.

It seems that, from something which transpired on the trial, the plaintiff gained the information, or the impression, that the defendant, Stout, had been employed by the representatives of the Dunham estate to sell the three acres for the best price he could get. That Stout did not inform the representatives of the Dunham estate, that the plaintiff was desirous of making the purchase, and would give more than the price at which they sold to the Bowermans, but procured the Bowermans to purchase at the less sum. That the Bowermans had also notice of these facts, and acted in collusion with Stout, and against the interest of the Dunham estate in the matter. Wherefore, as the plaintiff claims, the representatives of the Dunham estate had good cause of action against the defendants, to annul and set aside the conveyance of the three acres. And the plaintiff says, on the 20th of April, 1874 (after the trial of the action originally commenced by him, and after its submission to the referee), he obtained a conveyance from the representatives of the Dunham estate, of the three acres in question, with all their rights and equities, and

with the right to be subrogated thereto; and he thereupon made a motion for leave to file a supplemental complaint, setting up the assignment to him of the cause of action, alleged to have existed in behalf of the representatives of the Dunham estate against the defendants, growing out of the facts thus alleged, and seeking to recover in this action, as the assignee of the representatives of the Dunham estate. It seems only necessary to state the facts, in order to show that the motion for leave to file this supplemental complaint for such a purpose, should have been at once denied. A supplemental complaint must be consistent with, and in aid of, the case made by the original complaint. A new and substantive cause of action cannot be set up, by way of supplemental complaint, as a ground of recovery, more especially a cause of action to which the plaintiff was not entitled when he commenced the action. The plaintiff, in order to be entitled to a judgment, must have the right to recover at the time when he commences his suit. To permit a plaintiff, after the defendant has been exposed to the annoyance and expense of defending himself against an unfounded claim, to bring in an entirely new claim, not existing in his behalf when the action was commenced, and, by way of supplemental complaint, to set it up as a ground of recovery in the original action, would be extremely unjust and absurd.

The order appealed from is reversed, with ten dollars costs.

Present — BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Order reversed, with ten dollars costs.